IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BARRY HATHAWAY, ) | C/A No. 4:07-cv-03520-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| JOHN R. OWENS, WARDEN, et al.; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Barry Hathaway ("plaintiff/Hathaway"), appearing *pro se*, filed this action asserting his constitutional rights were violated due to conditions of confinement at several federal prisons. Plaintiff filed an amended complaint on December 17, 2007.[1] Plaintiff alleges that while in the custody of the BOP, he was denied due process and equal protection in that he did not receive the same privileges as the general population while in the segregated housing unit for protection.[2] Defendants filed a Motion to Dismiss (Document #62) on August 20, 2008. The undersigned issued an order filed August 21, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the motion to dismiss procedure and the possible consequences if he failed to

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] This case was transferred to South Carolina from the Northern District of West Virginia on October 25, 2007. It was styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. However, plaintiff only raised Bivens issues in the complaint. Further, plaintiff filed an action in this court pursuant to 28 U.S.C. § 2241 on February 13, 2008, claiming the BOP denied him due process and equal protection in that he did not receive the same privileges as the general population while in the segregated housing unit for protection.

respond adequately. Plaintiff filed a response on November 20, 2008.[3] Defendants filed a reply on December 1, 2008.

## I. ARGUMENT

Plaintiff brings this Bivens[4] action asserting his constitutional rights were violated when he was held in protective custody under conditions which did not allow him to receive the same privileges as the general population. Plaintiff requested segregation from the general population while at FCI Williamsburg and was placed in segregated housing. Further, plaintiff seems to complain about his transfers to different prisons within the BOP[5] and his custody classifications.[6] In his amended pleading, plaintiff requests that he be immediately released from his confinement and that all charges be dismissed.

---

[3] Plaintiff has been released from custody and filed a notice of change of address with the court on September 8, 2008. See document # 70 (change of address).

[4] A Bivens claim arises when a federal government official, acting under color of federal law, violates a individual's rights under the United States Constitution. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The undersigned notes that case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994).

[5] In general, a prison transfer does not implicate a liberty interest. Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983); Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (prisoner has no due process right to be housed in any particular facility).

[6] No liberty interest is created in custodial classifications. Meachum v. Fano, 427 U.S. 215, 225 (1976).

## II.  PERSONAL JURISDICTION

Plaintiff raised allegations regarding disciplinary actions while housed in the federal prison in Massachusetts and the conditions of confinement while housed in the federal prisons in Massachussetts and Pennsylvania. Defendants filed a Motion to Dismiss asserting that the court lacks personal jurisdiction over the Massachusetts defendants (Winn Bracey, Darrah, Antley, and Clabro) and the Pennsylvania defendants (Holt, Menne, Haupt, Reisinger, Reed, Fetterolf) as they do not have sufficient contact with South Carolina to satisfy the requirements of personal jurisdiction. Defendants argue that plaintiff does not allege that any actions taken by these defendants occurred within South Carolina but specifically alleges that the actions of these defendants took place outside the state. Further, defendants assert that plaintiff does not allege that these defendants committed an act causing injury to a person or property within the State of South Carolina and no such inferences can be reasonably drawn from the allegations in the complaint as plaintiff alleges no contacts between these defendants and the forum state.  The undersigned agrees.

To properly adjudicate a Rule 12(b)(2) personal jurisdiction challenge, the Fourth Circuit directs that "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). Because a §1983 action seeks relief against the personal resources of a state employee in his individual capacity, the court must acquire personal jurisdiction in order to enter a binding judgment.  *See* Griffith v. Nixon, 518 F.2d 1195 (2d Cir.1975).  Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

There are two types of personal jurisdiction: general and specific. A court has general jurisdiction over a cause of action that arises outside of the forum state. *See* Calder v. Jones, 465 U.S. 783, 786 (1984). General jurisdiction is permissible under the due process clause when the defendant has an enduring relationship with the forum state, and his connection to and activities in the forum state are so substantial that the defendant would expect to be subject to suit there on any claim and would suffer no inconvenience from defending there. "The essence of the issue . . . is . . . one of general fairness to the [defendant]." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445 (1952).

The United States Supreme Court articulated a two-branch due process test for determining specific jurisdiction. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291(1980). The first, the traditional minimum contacts branch, focuses on the defendant's connection with the forum state and the relationship between that connection and the litigation. Burger King Corp., 471 U.S. at 471-76. The second branch is frequently referred to as the fairness, convenience, or reasonableness branch. Beyond the requirement of minimum contacts, due process requires further factual evaluation to determine whether an assertion of personal jurisdiction comports with fair play and substantial justice. *Id.* at 476 (*quoting* Int'l Shoe Co., 326 U.S. at 320). As stated, the plaintiff has the burden of establishing jurisdiction over the Massachusetts and Pennsylvania defendants. There are insufficient contacts for this Court to exercise either general or specific jurisdiction over these defendants. Accordingly, defendants' motion to dismiss should be granted due to lack of personal jurisdiction as to the Massachusetts defendants (Winn Bracey, Darrah, Antley, ann Clabro) and the Pennsylvania defendants (Holt, Menne, Haupt, Reisinger, Reed, Fetterolf).

Additionally, it is noted that plaintiff stated in his response in opposition to defendants' motion that defendants Reisinger, Reed, and Fetterolf should be dismissed as they did not violate his constitutional rights. (See doc. # 76, p. 3).

### III.  STANDARD

Defendant brings this motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.  A motion to dismiss under Rule 12 tests the sufficiency of the complaint.  It does not resolve conflicts of facts.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations.  Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).  When a claim is challenged under this Rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.

However, as matters outside of the pleadings were submitted by the parties, the undersigned will address this motion under Rule 56 of the Federal Rules of Civil Procedure.   In considering a motion for summary judgment, a federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore

5

a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. DISCUSSION

### A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants argue that this action should be dismissed because plaintiff did not exhaust his administrative remedies before proceeding in federal court. Defendants argue that plaintiff has

admittedly not exhausted his administrative remedies on the issues underlying this action. (See Doc. #7, p.2 ). Defendants also submitted the declaration of Jenifer G. Hollett, an attorney employed with the BOP and assigned to the South Carolina Legal Center. Hollett stated that she has access to the BOP records and the inmate administrative remedies and that a review of plaintiff's records reveal that the plaintiff was released from FCI Williamsburg to the community on May 2, 2008. Hollett asserts that based on the BOP records, prior to his transfer to FCI Williamsburg, plaintiff was incarcerated at the Federal Medical Center located in Devens, Massachusetts and at the FCI located in Schuylkill, Pennsylvania.  Hollett states that she has reviewed the Administrative Remedy log which details all formal requests filed by plaintiff and the records indicate that plaintiff never filed any formal requests for administrative remedy on any issue or at any institution during his incarceration.

In his response in opposition, plaintiff asserts that he sent "letters" to the Regional Director and the Central Director and that exhaustion of administrative remedies is not required where it would be futile. (See Doc. # 76, p. 3).

In his response, plaintiff references his case 4:08-cv-491-TLW-TER in which plaintiff filed a petition for a  writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 13, 2008. The undersigned issued a Report and Recommendation on January 7, 2009, recommending that the petition be dismissed for failure to exhaust his administrative remedies and finding that the action was moot in that he had been released from custody. This court may take judicial notice of Civil Action No. 4:08-00491-TLW-TER. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).  *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is

7

in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).[7]

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. *See* 28 C.F.R. § 542.10. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986).

The plaintiff may informally attempt to resolve the complaint with a staff member. 29 C.F.R. §542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. §542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty (20) calender days from the date the Warden signed the response. An inmate who is not satisfied with the

---

[7] The above-captioned case is subject to dismissal for the same reasons as set forth in the report and recommendation with regard to exhaustion as the petition filed in Civil Action No. 4:08-00491-TLW-TER recommending dismissal. *See* Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:
> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296.

Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 418 U.S. 539, 557 (1974): 542.15(a). The plaintiff "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. § 542.10 through § 542.16; and Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). Smith, supra.[8]

Based on a review of the complaint and other pleadings in this case, plaintiff has failed to exhaust his administrative remedies.[9]

---

[8] Here, the plaintiff has not alleged any specific injuries and any allegations of injury are *de minimis*. Plaintiff has asserted that he was afforded the same privileges as the inmates in general population due to being in segregated confinement but has failed to allege or show evidence of any injury as a result of these allegations. Such speculation, however, falls short of actual serious or significant injury. Moseley v. King, 2006 WL 2827555 (D.S.C. 2006).Further, the PLRA provides:
> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir.1997)(concluding that a sore, bruised ear lasting for three days was *de minimis* and failed to meet the requisite physical injury to support a claim of emotional or mental suffering). Here, as discussed above, the plaintiff has not made such a showing of physical injury which is more than *de miminis*. Accordingly, these claims should be dismissed.

[9] As this action should be dismissed for failure to exhaust administrative remedies, the undersigned will not address the remainder of defendants' arguments.

**B. MOOTNESS**

As plaintiff has been released from FCI Williamsburg back into the community on May 2, 2008, and the relief he sought in his amended complaint was for "immediate release from all confinement of his federal prison sentence and the dismissal of all charges," there is no continuing controversy. Plaintiff has only requested injunctive relief. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. <u>Williams v. Griffin</u>, 952 F.2d 820, 825 (4th Cir. 1991); <u>Ross v. Reed</u>, 719 F.2d 689, 693 (4th Cir. 1983). Therefore, it is recommended that this action be dismissed as the matter is moot.

**V.  CONCLUSION**

Based on the above reasons, it is recommended that defendants' motion (doc. #62) be GRANTED, and the complaint be dismissed.

Respectfully Submitted,

<u>s/Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge

January 21, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**